UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD BRADFORD WALLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:12-CV-136-CLC-CHS |
| | ) |
| JIM MORROW and ANDREW LEWIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 28 U.S.C. § 1983. Now before the Court is Defendant Lewis's motion for summary judgment [Doc. 95]. Plaintiff has not filed a response to this motion and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. Plaintiff also has not complied with the Court's order requiring that he file a notice that he has served the executor of Defendant Morrow's estate with the suggestion of death [Doc. 94 at 1–2]. Accordingly, for the reasons set forth below, Defendant Morrow will be **DISMISSED**, Defendant Lewis's motion for summary judgment [Doc. 95] will be granted, and this action will be **DISMISSED**.

### I. Procedural History

The Court received Plaintiff's complaint on April 25, 2012 [Doc. 2]. On April 26, 2013, the Court dismissed the complaint for failure to state a claim [Docs. 3 and 4]. Plaintiff appealed this dismissal, and on June 12, 2014, the United States Court of Appeals for the Sixth Circuit affirmed the Court's dismissal of Plaintiff's official capacity claims, First Amendment claim, and

retaliation claim against former defendants Posey, Inglis, Coatney, Brown, Moore, and Schofield in their individual capacities [Doc. 7 p. 6]. The Sixth Circuit, however, vacated the Court's dismissal of Plaintiff's First Amendment retaliation claim against Defendants Brymer, Davis, Slatton, Lewis, Moloney, and Morrow in their individual capacities and remanded that portion of the case to this Court for further proceedings [*Id.*].

The parties later filed a stipulation of dismissal as to Defendants Davis, Moloney, Slatton, and Brymer [Doc. 71-1], and the Court therefore dismissed these Defendants [Doc. 72]. Accordingly, the only remaining Defendants are Defendants Lewis and Morrow [Doc. 74].

## II. Defendant Morrow

As the Court previously noted, Plaintiff has filed a suggestion of death as to Defendant Morrow [Doc. 91], but did not serve this document on the executor of Defendant Morrow's estate as required by Rule 25(a)(3) of the Federal Rules of Civil Procedure [Doc. 94 at 1]. Accordingly, the Court ordered Plaintiff to file a notice that he had served the suggestion of death on the executor of Defendant Morrow's estate within twenty days of entry of the Court's order and notified Plaintiff that if he did not do so, Defendant Morrow would be dismissed from this action [*Id.* at 2]. Plaintiff has not complied with this order or otherwise responded thereto.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

2

> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

First, the Court finds that Plaintiff's failure to comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, the Court sent Plaintiff an order providing him with specific instructions regarding service of the suggestion of death [*Id.* at 1–2]. Plaintiff's failure to comply with this order may be willful (if he received the order and declined to follow the Court's instructions) or negligent (if he received the order but was unable to follow the Court's instructions, or if he did not receive the order because he failed to update his address and/or monitor this action). Either way, this factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order, as Defendant Morrow is deceased and Defendant Lewis has filed a motion for summary judgment.

As to the third factor, the record reflects that the Court warned Plaintiff that it would dismiss Defendant Morrow if Plaintiff failed to comply with the Court's order [*Id.* at 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis* in this action and it does not appear that Plaintiff has the ability to pay a monetary fine [Doc. 1].

Accordingly, Defendant Morrow will be **DISMISSED** from this action.

### III. Defendant Lewis's Motion for Summary Judgment

#### a. Allegations of the Complaint

As to Defendant Lewis, Plaintiff's complaint asserts that he is the Assistant Warden at the Southeastern Tennessee State Regional Correction Facility, that Plaintiff had documented threats made to him regarding retaliatory transfer for filing grievances, that he still filed various grievances, and that Defendant Lewis "approved Plaintiff's 'special reclass for transfer'" to a separate facility [Doc. 2 at 7–11]. Plaintiff further asserts that this transfer resulted in various negative consequences to him [*Id.* at 13–15]. Plaintiff also states that Defendant Lewis was aware of the circumstances surrounding this retaliatory special reclass and transfer [*Id.* at 19]. Plaintiff's complaint is not sworn under oath or penalty of perjury or otherwise verified [*Id.* at 21].

#### b. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quoting *Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir. 2007)).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully

oppose a motion for summary judgment, a party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleading." *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of . . . an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

    c. **Law and Analysis**

"Retaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment." *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir. 1994). A claim for retaliation requires a plaintiff to establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in such conduct; and (3) the adverse action was motivated by the protected

5

conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). While temporal proximity between grievances and adverse action may provide support for establishing a retaliatory motive, temporal proximity alone is insufficient to show a causal connection. *Coleman v. Bowerman*, 474 F. App'x 435, 438 (6th Cir. 2010).

In support of his motion for summary judgment, Defendant Lewis has filed an affidavit establishing that when he approved Plaintiff's transfer, he "had no knowledge that [Plaintiff] had filed grievances nor did [he] have a conversation with anyone regarding [Plaintiff's] grievance filings" [Doc. 1 at 3]. This affidavit further establishes that Warden Morrow did not instruct Defendant Lewis to have Plaintiff transferred for filing grievances and that "[r]etaliation played no part in [Defendant Lewis's] approval of [Plaintiff's] reclassification" [*Id.*]. As such, Defendant Lewis has met his burden to set forth proof that his approval of Plaintiff's transfer, which Plaintiff alleges was retaliatory, was not motivated by Plaintiff's grievance filings. Nothing in the record genuinely disputes this proof in the manner required. Fed. R. Civ. P. 56(c). As such, Defendant Lewis has conclusively shown that no genuine issue of material fact remains for trial and he is entitled to summary judgment.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendant Lewis's motion for summary judgment [Doc. 95] will be **GRANTED** and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

---

[1] As the Court concludes this is sufficient grounds to grant Defendant Lewis's motion for summary judgment, the Court does not reach the remaining arguments in Defendant Lewis's motion for summary judgment.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**